# Winkler v. Moore et al.

February 14, 1950.

E. B. Beatty, Judge.

Shumate & Shumate for appellant.

John W. Walker for appellees.

JUDGE KNIGHT—Affirming.

This suit was brought by appellant as administrator of the estate of Homer Arvin against appellees to recover damages for the death of deceased allegedly caused by the negligent operation of an automobile owned by appellee Clarence Moore, and operated at the time by his daughter, Doris Jean Moore, seventeen years of age. At the conclusion of appellant's testimony, the judge of the lower court sustained appellee's motion for a directed verdict in his favor and in accordance therewith the jury brought in a verdict for the appellees. This appeal is from the judgment based on that verdict.

The case is a very simple one. There was little testimony and none showing how the accident occurred except that of Doris Jean Moore, driver of the car, taken by way of cross examination by appellant. She testified that she was driving her father's car, a 1936 Chevrolet, on the Richmond-Irvine road toward Irvine, on her right side of the road; that she was passing another car about that time and both dimmed their lights; that she was not blinded by the lights of the other car and she could

see ahead as the highway in front of her was straight; that she remained on the blacktop and was not on the shoulder. She was asked these questions and made these answers:

"Q. Did you see Mr. Arvin before you hit him? A. No, sir.

"Q. How did you know you hit him? A. I knew something hit the side of the car. I didn't know I hit him. I knew something hit the side of the car; I got a glimpse of it.

"Q. Do you know how far his body was carried after it was hit? A. Well, I don't think it was carried any because he just walked into the side of the door.

"Q. You never saw him hit at all? A. When he hit the window, I got a glimpse of something, the figure of a man, a person of some kind.

"Q. Were you looking in front of your car at the time you hit Mr. Arvin? A. I was looking straight ahead. I didn't see him. He run into the side of the car; I didn't hit him.

"Q. There is nothing to prevent you from seeing a person walking on the side of the road there if you was looking? A. I was looking and I didn't see him.

"Q. You don't know why you didn't see him, do you? A. I don't know where he was. I didn't see him. He wasn't in front of me.

It was shown by other testimony that deceased was a man 77 years of age and walked with a cane; that he was seen by a passing motorist a short while before the accident walking from Irvine toward West Irvine on his left side of the road, that is, facing oncoming traffic; that his body was found later on the shoulder of the road about six feet from the hard surface on a bank or fill, the road being straight at this point; that a cane identified as his was found on the morning after the accident lying about eighteen inches off the metal on the shoulder of the road and was broken eight or ten inches from the bottom, apparently recently broken. It was shown by the testimony of the undertaker who prepared the body of deceased for burial that he had a skull fracture, some body bruises and a broken right leg.

The time of the accident was established at about 6:30 to 7 o'clock on October 11, and that it was dark at the time.

This is the substance of the testimony, all of which has been carefully read by us, and in our opinion it fails to establish negligent operation of appellee's car as the cause of deceased's death. Appellant argues that the broken cane and the broken right leg of deceased are sufficient circumstantial evidence to take the case to the jury on the theory that these breaks were caused by the bumper of the car hitting deceased as he approached. We think this would be entering the realm of speculation as there was no evidence that the bumper or any other part of the front of the car came in contact with deceased, and the only direct evidence indicates that he walked into or was hit by the side of the car. The facts in this case are similar to those in Hatfield v. Sargent's Adm'x, 306 Ky. 782, 209 S. W. 2d 306, in which a judgment for plaintiff was reversed and we said the court should have directed a verdict for the defendant.

We think the lower court did not err in directing a verdict for appellees. Wherefore the judgment is affirmed.