## KAYS et al. v. FISHER et al.

Court of Appeals of Kentucky.

Feb. 8, 1952.

As Modified on Denial of Rehearing
May 16, 1952.

Mahan, Davis & Mahan, Louisville, for appellants.

Louis Brownstein, Louisville, for appellees.

LATIMER, Justice.

Appellants instituted this action seeking to recover damages resulting from alleged lack of merchantable quality and fitness of a furnace purchased from appellees. At the close of plaintiff's testimony the court peremptorily instructed the jury to find for defendant.

The allegations of the petition clearly bring to issue the question of implied warranty, the alleged breach of which is solely relied upon for the claim of damages. No controversy exists as to the sale and installation of the furnace. The furnace was installed and placed in operation by appellee with instructions to leave it burning as set.

Appellants who operate a grocery store continued with their work until closing time which was 7:00 p. m., and then left the store, having done nothing at all to the furnace as per instructions of appellees. On the following morning, upon their return to the store they found that there had been a fire, resulting in considerable damage to their merchandise.

Appellants claim that the fire originated from the furnace due to its lack of merchantable quality and fitness. The only witnesses testifying in the action were Robert Kays and his wife, Aline Kays, and John W. Warren, a partner. The substance of their testimony is directed at the purchase of the furnace and as to their reliance upon appellees' skill, judgment and knowledge of the furnace, its quality and fitness. The testimony goes little further than to show that the furnace was installed at the place designated by appellants. It was brought out on cross-examination that the building and the electric wiring therein were old and that the building was re-wired immediately after the fire. In fact, as to the possibility that the fire originated in the furnace, we have before us only some photographs. No expert undertook to testify as to what the photographs show. No fireman who went to the scene of the fire and assisted in extinguishing same was introduced to testify as to the circumstances. The policeman who was in charge of the store when appellants arrived on the morning after the fire did not testify. It was brought out in cross-examination that 28 feet of stove pipe were required to lead from the furnace to the flue, and that the upstairs part of the building was occupied by other tenants. Appellants testified on cross-examination that they had no "basis for knowing what started the fire." Based upon the evidence here, a jury could have only guessed as to the cause or origin of the fire, that is, whether from defective installation of the furnace, defective wiring in the old building, lack of merchantable quality and reasonable fitness of the furnace or from other possible causes. The court properly gave the peremptory instruction. City of Ludlow v. Albers, 253 Ky. 525, 69 S.W.2d 1051, and cases cited therein.

The judgment is affirmed.