## McATEE v. HOLLAND FURNACE CO.

Court of Appeals of Kentucky.

Oct. 31, 1952.

Stoll, Keenon & Park, Lexington, for appellant.

Allen, Duncan, Duncan & Arnold, Lexington, for appellee.

SIMS, Justice.

Appellant, Etta B. McAtee, sued appellee, Holland Furnace Company, hereinafter referred to as the Company, for $28,000 damages for the destruction of her house and its furnishings by fire, which her petition averred was caused by the Company's negligence in installing a furnace in her home in Fayette County. At the conclusion of her proof the court directed a verdict in favor of the Company. On this appeal it is earnestly insisted there was sufficient evidence to take the case to the jury, which makes it necessary that we briefly review the evidence in the light of the averments of the petition.

The petition averred, and the proof shows, that on October 23, 1949, appellant acting through her brother, John G. McAtee, made a contract with the Company to install the furnace, and around noon on December 2, following, the house and contents were destroyed by fire. It is further averred in the petition that the Company "negligently, carelessly and recklessly in-

stalled said furnace and replaced defective parts in said furnace negligently and carelessly; and as a result thereof * * * the building and contents were destroyed by fire on December 2, 1949".

Richard Featherston, who was passing along the road, discovered the fire and notified appellant and her family, who were at lunch. This witness stated the fire was burning around the chimney and was "about 12 square feet". John G. McAtee testified that upon being informed the house was on fire, he rushed upstairs and "the fire was right in the roof under the flue"; that it was a brick house with a shingle roof and there were no utility wires of any kind "up there where this fire started". Mrs. George A. McCrane, a sister of appellant and who lived with her in the house, testified there was no other fire in the house that day except in the furnace and "it wasn't unusually big"; and when she was notified the house was burning she ran upstairs and "saw the fire in the ceiling right at the chimney". Mr. McCrane corroborated his wife, saying, "it was burning upstairs under the ceiling, and especially in the front bedroom where it was cracking open, there was heavy fire in there and pieces of the ceiling kept dropping down". B. C. Berryman, Chief of the Fayette County Fire Department, testified that by the time he arrived the fire had gained considerable headway. When asked where was the seat of the fire, he answered, "My conclusion was that it had started under the roof in the attic, because it was dropping through the attic from the roof".

As to the negligent installation of the furnace, Mr. McAtee testified, "the draft didn't operate as it should, soot formed up in the flue, and when the furnace door was open soot would fly all over the building". He complained to the Company and "they tried to fix it, but it continued to smoke and soot continued to fly all over the house and out in the yard. * * * It was worse, if anything." The witness stated the chimney was of brick with proper lining and had never given trouble. Mr. McAtee had lived in this house since 1920 and he did not testify that the chimney had been repaired from that time until the fire in December 1949. Mr. and Mrs. George A. McCrane

corroborated Mr. McAtee relative to the soot and smoke given off by the furnace. Mr. Ray Grimes, a former employee of the Company, testified that soot is caused "by incomplete combustion of fuel, or by leaks in the chimney, or in the smoke pipe, if the pipe is not installed properly". When asked if an unusual amount of soot can cause a fire, the witness answered: "If it comes out from the top of the chimney on fire, which it could do, catching fire in the furnace, it will set fire to wood shingles, or any wood that it might land on. It can do that, of course."

From this brief résumé of appellant's evidence it is seen there is no proof to sustain the averments of the petition that the Company "carelessly and negligently installed this furnace and had replaced parts carelessly and negligently". The most the evidence shows is that the furnace smoked and an excessive amount of soot formed in it. There is no proof that burning soot was emitted from the chimney. Under such circumstances the trial judge could not do otherwise than direct a verdict for the Company.

Appellant puts much reliance in Kentucky West Virginia Gas Co. v. Slone, Ky., 238 S.W.2d 476; Bryant v. Ellis, 222 Ky. 272, 300 S.W. 610; Louisville & N. R. Co. v. Howe, Ky., 243 S.W.2d 905, 906. But the facts in these cases distinguish them from the one at bar. In the Slone case the company was negligent in failing to maintain a watch over an open fire until it burned out. The mouth of a "blow off pipe" through which the company knew gas was escaping was directly over this fire and but a foot from the ground. In the Ellis case, plaintiff's witnesses did not see the sparks coming from the steam shovel actually set the fire about 30 feet from the shovel, but they testified that sparks came from it and burned them and their clothing. In the Howe case, the company was burning piles of dry brush on its right-of-way, 210 feet from Howe's barn which had a highly inflammable roof and "a 'tolerably strong wind was blowing' * * toward the barn" which caught fire while the right-of-way was burning fiercely; and

there was no direct evidence "as to the other probable causes of the fire".

We said that all of those cases should go to the jury, and the rule gathered from them might be thus stated: When plaintiff produces evidence from which it might reasonably be inferred the fire was caused by defendant's negligence, then the burden shifts to defendant to overcome the prima facie case that the fire was caused by its negligence. In the case at bar, there was no evidence that the fire was caused by the Company's negligence. It seems to have been the type of fire that no one can state with any degree of certainty its cause. It is common knowledge that many fires are mysterious and their origin cannot be determined.

While negligence may be proved by circumstantial evidence alone, the Slone case, Ky., 238 S.W.2d 476, page 480, the familiar rule is that negligence cannot be presumed and it is never proper to submit a case to the jury where the finding of negligence would be merely conjectural or guesswork. Johnson's Adm'x v. Mobile & O. R. Co., 178 Ky. 108, 198 S.W. 538; Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83. And where the evidence is equally consistent with no negligence as it is with negligence, it is the duty of the trial judge to direct a verdict in favor of defendant. City of Ludlow v. Albers, 253 Ky. 525, 69 S.W.2d 1051; Kays v. Fisher, Ky., 250 S.W.2d 329.

The judgment is affirmed.