**C. W. SMITH, trading and doing business as Smitty's Dry Cleaners, Appellant,**

v.

**KENTUCKY–WEST VIRGINIA POWER COMPANY, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1955.

F. Dale Burke, Blaine H. Rutherford, Pikeville, for appellant.

Stephen Combs, Jr., Whitesburg, W. W. Reeves, Hazard, for appellee.

CULLEN, Commissioner.

This is an appeal from a judgment for the defendant based upon a verdict directed for the defendant at the conclusion of the evidence for the plaintiff.

Appellant sought recovery for damages sustained by the burning and destruction of his dry cleaning plant located in Whitesburg. It was alleged that the fire resulted from the negligence of the Ky.-West Virginia Power Company, the appellee. At the time of the fire appellant operated a dry cleaning establishment consisting of a frame and concrete or cinder block building.

Appellant's dry cleaning equipment was operated by electricity, furnished by the appellee company. The requirements of the plant were furnished by a regular 110 volt system and a 220 volt 3-phase system. The service lines of the Power Company came from a pole located across the street and ran to the appellant's plant. From the point where the lines entered the plant they were housed in a one and one-half inch metal conduit. The wires and conduit ran from the point of entrance into the plant through one room and into the "finishing room" to a meter board. The meter located on this board was mounted on a wood panel which was in turn mounted on a wooden wall on the frame portion of the plant.

An inspection made after the fire by the appellant and the assistant fire chief revealed that the meter box, the meter and meter board had been badly damaged by the fire; the board and walls immediately around it were badly burned and charred; and the walls radiating away from the meter board were badly burned. The other walls were burned but not quite as severely as the wall on which the meter board was located. The fire originated, from all indications, in the room where the meter and meter board were located. The conduit, housing the lines leading to the meter board from the appellee's system, was split open at a point before it reached the meter and meter board. This split ran back along the conduit for some two and one-half feet.

Appellant's only expert witness opined that the fire could have been started by one of the wires in the conduit shorting and causing an arc, and thus causing the rupture in the conduit. But he also opined that the heat from the building resulting from fire from other sources could have caused the arc and the conduit to split. There was no evidence of any split in the conduit before the day of the fire.

There is considerable argument in the briefs as to whether the power company had the duty of inspecting and maintaining the conduit and as to whether the company was negligent as concerns inspection and maintenance. We think these questions are not important because, assuming negligence, there was not sufficient proof to establish that the fire was caused by a defective condition of the conduit or the wires within it. The most that the evidence shows is that there was a fire; that the conduit housing the wires was ruptured, and that this rupture could have caused the fire or that the fire could have caused the rupture.

As far as this record shows, the fire could have started in any one of many different ways. Fires and their origin are of a mysterious character and it is not within the province of a jury or court to speculate as to their beginnings. The mere fact that the fire damage was greater in the vicinity of the meter board and conduit does not furnish the basis for a finding of fact that the fire originated in the conduit. A verdict against the defendant would necessarily be based upon conjecture and speculation. We consistently have held that liability cannot rest on such a basis. The Rural Natural Gas Co. v. Arvin, Ky., 270 S.W.2d 610; McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427; Johnson v. Mobile & O. R. Co., 178 Ky. 108, 198 S.W. 538.

It is our view that the court was correct in peremptorily instructing the jury to find for appellee.

In the lower court the appellee sought to have certain insurance companies, who had paid $7,500 in satisfaction of part of the fire loss and damages sustained by appellant, joined as necessary parties to the action, but was denied this plea. The ruling was erroneous in view of our recent decision in Louisville & N. R. Co. v. Mack Mfg. Co., Ky., 269 S.W.2d 707. But the appellee was not prejudiced inasmuch as it has been successful in defeating the entire claim for damages.

Judgment affirmed.