**KENTUCKY POWER COMPANY,**
**Appellant,**

**v.**

**Pansy HOGG and Mahala Hogg, Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1957.

Rehearing Denied May 10, 1957.

Willis W. Reeves, Hazard, for appellant.

Harry M. Caudill, Whitesburg, for appellee.

CLAY, Commissioner.

This is an action to recover from defendant power company for losses resulting from a fire which destroyed a dwelling house and its contents. The jury awarded plaintiffs damages in the amount of $1800 and the defendant appeals by motion.

The house burned on the night of July 7, 1954. It was not occupied at that time and no one saw the fire start. It was first observed by Mathew Eldridge who saw it when he was driving along the road about one-quarter mile away. He testified the fire was on the upper end of the house in the roof. When he arrived at the scene he found one of defendant's drop service wires down. There was testimony that just before the fire was discovered there had been a rain and windstorm with thunder and lightning in the neighborhood.

With respect to the alleged negligence of defendant, it was shown that some two or

1

**2**

three months before the fire two of its service wires near the house had sagged together. It was further testified that several days before the fire a witness had observed the insulation had rubbed off one of the wires about three or four feet from the house. The theory of plaintiffs' claim is that the wires short circuited as a result of a bolt of lightning or otherwise, ignited the insulation, which set fire to the house.

There is a very close question in the case as to whether or not any negligence on the part of the defendant was shown, particularly since it had no notice of a dangerous condition of the wires, if such condition existed. It is unnecessary to pass upon this question because there was a complete failure to prove that the condition of the wires caused the fire.

When the fire was first discovered it was well on its way and the blaze was in no way localized near defendant's wires. While one of the wires was down when an observer reached the house several minutes after the fire was discovered (and eventually all of the wires were down), this wire could have easily burned through after the fire started. The most plaintiff established was that there was a possible dangerous condition which might possibly have started the fire. The whole case rests upon speculation, which we have heretofore and recently decided is not sufficient to justify submitting the case to the jury. Kays v. Fisher, Ky., 250 S.W.2d 329; McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427; Darlington v. Owen County Rural Electric Cooperative Corporation, Ky., 299 S.W.2d 599; Kentucky Power Company v. Howard, Ky., 296 S.W.2d 463; Hatcher v. Mullins, Ky., 296 S.W.2d 456.

The defendant was entitled to a directed verdict, and this not having been given, its motion for judgment notwithstanding the verdict should have been sustained.

The motion for appeal is sustained and the judgment is reversed with directions to enter a judgment for defendant.