Stephen T. PRIEST'S ADMINISTRATRIX (Irene McGuffin), Appellant,

v.

E. L. ANDERSON LUMBER COMPANY, a Corporation, Appellee.

Court of Appeals of Kentucky.

May 17, 1957.

Haynes Carter, Elizabethtown, for appellant.

L. A. Faurest, Jr., Elizabethtown, for appellee.

BIRD, Judge.

Stephen T. Priest, 82, was killed while walking eastward on the north side of Kentucky Highway 86 near Vertrees, in Hardin County. The administratrix, a daughter, filed this action to recover damages for Priest's death, charging defendant with negligence in the operation of a motor truck that struck and killed him. This appeal is taken from a judgment entered upon a directed verdict for the defendant.

A number of witnesses saw both Priest and defendant's truck just immediately before the accident but no one saw the truck strike him. All of these witnesses placed decedent well on the shoulder of the road proceeding eastwardly and they likewise placed the truck on the hard surface, proceeding westwardly.

When last seen by any of the witnesses, Priest was on the shoulder and the truck was on the pavement. There is no proof of excessive speed. There is no proof of tracks either on the road or shoulder. The record is silent on warning signals. There were no marks on the front part of the truck indicating it had struck anything. There was, however, according to the witness, Shawler, an iron piece along the side of the truck bed that looked as if it had been rubbed or brushed clean with a cloth. This was at the right front corner of the bed and it was the only place on the truck that appeared to have had recent contact with anything. There was no proof of any projection from the truck.

Mr. Shawler also testified that front and back of truck were the same width. No place in the record is it shown that the bed of the truck is any wider than the front wheels.

It was daylight and the accident could have been seen by the witnesses had they been looking. After the accident, Priest was lying almost perpendicular to the highway with his feet from three to twelve inches from the edge of the pavement. The witness, Dolphus Helm, was driving an automobile eastward. He stopped on the south side of the highway and offered Priest a ride. Mr. Priest told Helm where he was going. When he saw the truck coming, Helm pulled partly off the pavement to wait for Priest. He was about forty steps in front of Priest and didn't look back. When he last saw the approaching truck it was on the pavement. Herbert Daugherty, just immediately before the accident, had driven his car to the rear of the Helm car and stopped. He was perhaps closer to Mr.

Priest just immediately before the accident than any other witness. He stated that Priest, when he last saw him, was "a right smart piece off of the pavement". When he last saw the truck it was on the pavement. No witness places Priest dangerously near the pavement. The witness, Shawler gave the following account of a statement made by the truck driver:

"Q. 11. Was the truck driver there? A. Yes, sir, he was.

"Q. 12. Did you talk to him? A. Well, I didn't personally talk to him, I was standing there beside of him when he was talking.

"Q. 13. What did he say? A. Well, he said, 'I didn't see the man until he passed the glass on the side of my truck', and he said he heard something slap and he looked around and happened to see the man through the glass on the side of the truck. Thought it was a screen door blowed over."

Giving the foregoing testimony full weight and credit, it would indicate some negligence in failing to keep a proper lookout. On the other hand the statement shows that Priest was not struck by the front of the truck. This is consistent with the testimony of the witnesses who place Priest well on the shoulder and the truck on the pavement immediately before the accident.

From the testimony in this case we must conclude that Priest was struck by the side of the truck, in which instance the failure to keep a proper lookout does not constitute actionable negligence or proximate cause. Hatfield v. Sargent's Adm'x, 306 Ky. 782, 209 S.W.2d 306; Winkler v. Moore, 312 Ky. 235, 227 S.W.2d 187.

This accident could have happened in any one of three ways. (1) The truck could conceivably have run off of the pavement and sideswiped Priest while he was still on the shoulder. (2) Priest could have left the shoulder and stepped into the

side of the truck. (3) Both Priest and truck could have so changed positions as to bring them together either off or on the pavement. There is no proof that either of the foregoing situations developed. It could have been one as well as another. With the record as it is, to attribute negligence to either Priest or the truck driver would amount to nothing less than pure conjecture. The burden was on appellant to establish the negligence of the truck driver, and this could not be done by presumption or speculation. When the evidence is as consistent with no negligence as it is with negligence, the one who has the ultimate burden must lose, and it becomes the duty of the trial court to direct the verdict. The rule is clearly stated in McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427, and has been followed consistently by this court. See also Smith v. Kentucky-West Virginia Power Co., Ky., 283 S.W.2d 376; Randall v. Shelton, Ky., 293 S.W.2d 559.

The trial court was clearly correct in directing a verdict for the defendant.

No prejudicial errors appearing in the record, the judgment is affirmed.