Clyde HOSKINS, Appellant,

v.

Evelyn HOSKINS, Suing by her Next Friend, Nancy Hoskins, Appellee.

Court of Appeals of Kentucky.

Sept. 26, 1958.

Murray L. Brown, London, for appellant.

A. E. Cornett, Hyden, for appellee.

WADDILL, Commissioner.

The only question presented on this appeal is whether the court erred in failing to direct a verdict in favor of the appellant.

Evelyn Hoskins,. five years of age, was injured when she ran from a schoolyard into the right rear wheel of appellant's truck. The accident occurred during the afternoon of December 5, 1955, while appellant's truck was proceeding slowly by the school on a narrow public road.

Suing by her next friend, Evelyn Hoskins sought to recover damages from the appellant for personal injuries she sustained as a result of the accident. The action was based upon the alleged negligence of the driver of the truck. A trial resulted in a verdict and judgment in favor of the infant for $1,500.

It is urged for reversal that the evidence does not show any negligence on the part of the operator of the truck, and therefore appellant's motion for a directed verdict should have been sustained. However, appellee insists that there was sufficient evidence to require the court to submit to the jury whether it was the duty of the driver under the circumstances to sound his horn, and whether the operator of the truck failed to perform his duty in keeping a lookout for persons upon the road.

370

The witnesses who saw the accident occur agree that the truck approached and passed the school travelling from ten to fifteen miles an hour. Several of the witnesses stated that the truck had stopped immediately prior to the accident to allow several children to cross the road and had then proceeded very slowly. Each of the eye-witnesses, except Betty Joan Hoskins, stated that Evelyn Hoskins ran from the schoolyard into the right rear wheel of appellant's truck, while Betty Joan testified that Evelyn walked from the schoolyard to the side of the road and was struck by the right rear wheel of the truck. The evidence further established that the schoolyard was approximately five feet lower than the travelled portion of the road and that the driver of the truck did not blow his horn.

This evidence was wholly insufficient to take the case to the jury. It is a well-established rule that negligence will not be presumed from the fact that an accident occurred or that an injury has been sustained. To authorize the submission of a case to the jury, there must be some evidence of probative value to show that defendant was negligent and that the defendant's negligence was a proximate cause of the injury. Stacey v. Stoner, 260 Ky. 848, 86 S.W.2d 1006.

In view of the fact that Evelyn Hoskins came in contact with the right rear wheel of the passing truck, neither the failure of the driver of the truck to sound his horn nor to keep a lookout ahead was a causative factor in this accident. Priest's Adm'x v. Anderson Lumber Company, Ky., 302 S.W.2d 376; Winkler v. Moore, 312 Ky. 235, 227 S.W.2d 187; Hatfield v. Sargent's Adm'x, 306 Ky. 782, 209 S.W.2d 306. Inasmuch as the evidence failed to show that the injuries complained of were the proximate result of the negligence relied upon by the appellee, the court should have directed a verdict in favor of the appellant.

Appellant's motions for a directed verdict and for judgment notwithstanding the verdict were overruled. Under CR 50.02 and 50.03 this Court has the authority, in these circumstances, to direct the circuit court to enter judgment notwithstanding the verdict rather than directing that a new trial be granted. See Clay, CR 50.02, Author's Comment 5; CR 50.03, Author's Comment 2.

Wherefore, the motion for an appeal is sustained; the judgment is reversed with directions that it be set aside and a judgment be entered for the appellant.

BIRD, J., not sitting.