Johnnie M. ROBERTS, Appellant,

v.

GENERAL INDUSTRIES, INC., et al., Appellees.

Court of Appeals of Kentucky.

Jan. 30, 1959.

Armer H. Mahan, Davis & Mahan, Louisville, for appellant.

S. Lloyd Cardwell, James W. Stites, Jr., Stites, Wood, Helm & Peabody, Louisville, for appellees.

STEWART, Judge.

In this action plaintiff, Johnnie M. Roberts, sued to recover $44,800 damages for personal injuries she allegedly sustained when the automobile in which she was riding, driven by her husband, collided with a station wagon owned by General Industries, Inc., and driven by D. L. Witherspoon. The owner and driver of the station wagon are co-defendants in this action.

At the close of plaintiff's evidence. defendants moved the lower court to direct a verdict in their favor. This motion was sustained, and judgment was entered dismissing the complaint. The trial judge ruled there was no evidence of negligence on defendants' part. Reversal of the judgment is sought on the sole ground that the lower court erred in peremptorily instructing the jury.

The accident occurred around 12:45 p. m. on February 22, 1956, at the intersection of Fifth and Illinois Streets in Jeffersonville, Indiana. Illinois Street on the occasion of the wreck, by reason of route changes due to construction, was temporarily designated as U. S. Highway 31–E. This highway comes off the George Rogers Clark Bridge from the south and goes toward the north. Illinois Street was superior to Fifth Street and was restricted to north-bound traffic. The applicable speed limit at the point where the two cars met was 30 miles per hour. A stop sign is located on subordinate Fifth Street near its intersection with Illinois Street.

Appellant was in the front seat of the automobile between her husband, who was

driving, and her son. According to appellant and her husband, the only two eye-witnesses to the mishap who testified, the vehicle approached westwardly on Fifth Street and was brought to a dead stop 15 or 20 feet east of the first lane of Illinois Street. Both stated they looked southwardly up Illinois Street and, within their range of vision which they stated was 200 feet or more up that way, they "did not see any thing, there was nothing coming." The car then proceeded forward slowly, it being gear-shift operated, and started across the street. Appellant's husband testified on cross-examination one had an unobstructed view south on Illinois Street from Fifth Street for 400 to 450 feet.

When the front end of his car was about even with the line dividing the driving lanes, appellant's husband testified, he first saw the station wagon and it was then right on him. He said it was "possibly four or five feet of me—ten feet of me." He stated it was "coming very fast" and estimated its speed to be 45 to 50 miles per hour. This witness did not know whether or not any skidmarks were made by his car. From four to six seconds intervened, appellant's husband said, from the time the automobile stopped at the intersection and then came into contact with the station wagon.

Appellant's first awareness of the impending collision of the two vehicles was, as she testified: " * * * just when the car hit our car and knocked us from right in the intersection all the way across and down Illinois almost up on the curb—north on Illinois about 50 feet or more."

Although the accident occurred in Indiana in the City of Jeffersonville, no statute of that state nor ordinance of that city was pleaded. We do, however, have in the brief of counsel for appellant an uncontradicted statement that both sides agreed, and so advised the trial court, that the duties and obligations imposed upon the respective operators of the two vehicles involved, under the circumstances then prevailing, were the same as though the locus of the accident had been in Kentucky.

Appellant's contention that the trial judge erroneously directed a verdict for appellees is based upon certain conclusions deduced from the testimony of appellant and that of her husband when considered in connection with certain physical facts. Specifically, it is argued a jury could have found the station wagon was traveling at an excessive rate of speed. This assertion is bottomed upon the fact that appellant's husband stated the station wagon was "coming very fast", plus the additional fact that the Roberts automobile, as testified to by appellant, was knocked across the intersection and fifty feet or more northwardly on Illinois Street. When these two factors are woven together, it is maintained they indicate the station wagon was traveling at a dangerous rate of speed.

■ Appellant had no knowledge of the presence of the station wagon until it made contact with the automobile. It will be recalled her husband said he saw it for the first time when it was ten feet from his car. We also have his testimony that from four to six seconds elapsed from the time the Roberts car stopped at the intersection until it collided with the station wagon. It would therefore seem he had nothing more than an instantaneous glance at it, which circumstance would make it impossible to estimate the speed of the station wagon. In the face of all this, we must hold there was no evidence whatsoever of the rate of travel of the station wagon or that it was being operated beyond the speed limit on the occasion in question.

■ Appellant testified the car she rode in was knocked 50 feet, but there were no signs of any skidmarks indicating it had been propelled that far by the impact alone. It could have rolled a good portion of that distance. Thus there was no definite proof

**622**

the station wagon collided with the Roberts car with an unusual degree of force.

 We conclude there was a complete failure in the case at bar on the part of appellant to produce any evidence of negligence as to the station wagon operator. It is a well-known rule that where the evidence is equally consistent with no negligence as it is with negligence, it is the duty of the trial judge to direct a verdict in favor of the defendant. See McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427, and the cases cited therein on this point.

We are also driven to the belief that the station wagon was in the block bordering on the intersection to the south at the time the Roberts car entered Illinois Street, and that appellant's husband should have seen it and that it was impossible for appellant and her husband not to have seen it had they been keeping a lookout. See Farris v. Summerour, Ky., 296 S.W.2d 708.

Wherefore, the judgment is affirmed.