Cecil **BURNETTE** et al., Appellants,

v.

**Ray MOSS, Appellee.**

Court of Appeals of Kentucky.

May 8, 1964.

Rehearing Denied Sept. 25, 1964.

L. M. Tipton Reed, Martin, Neely & Reed, Mayfield, for appellants.

William B. Byrd, Waller, Threlkeld, Whitlow & Byrd, Paducah, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment of $8,957.95 for injuries sustained by appellee, Ray Moss, in an accident on the farm of appellants, Cecil Burnette and Elmer Hixson. As we view the case the accident was due solely to the carelessness of Moss.

On the morning of his injury Moss was working with other farmers in a field cutting ensilage. Burnette instructed Howard Powell to drive a tractor pulling an ensilage cutter into this field where another ensilage cutter was already in operation. Powell asked Moss, who often made repairs and adjustments to the machinery used in this work, to get his ensilage cutter ready to operate. Moss connected the drive shaft of the ensilage cutter to the tractor's power take-off. With the drive shaft thus connected it was possible for power to be transmitted to the ensilage cutter by running the tractor's engine and placing the power take-off lever in the "on" position.

Since it was necessary to turn the stacker, which directs the flow of silage from the cutter into a wagon, he took out two of the bolts connecting the stacker to the blower housing of the cutter. At this time it became apparent that this machinery was in the way of the other ensilage cutter. Accordingly Moss asked Powell to move his tractor and ensilage cutter a couple of rows over, which he did. Moss then walked over to replace the bolts in the stacker. After Powell turned off the tractor engine, Moss placed his left hand inside the opening at the base of the stacker to insert and tighten the bolts. When he did so the blades inside the blower housing caught and mangled his hand, resulting in the subsequent amputation of his arm below the elbow. According to Moss, Powell was walking around the side of the ensilage cutter when the accident occurred.

The parties agree the blades were not revolving before the ensilage cutter was moved. Two theories were presented at the trial to account for their movement when Moss was injured. One theory was that in going over the rough ground the finely balanced, 700-pound wheel to which the blades are attached was jarred enough to set it in motion. The other theory was that Powell had permitted the power take-off lever to be engaged so as to transmit power to the cutter wheel while he had the tractor motor running. Moss testified that the weight of this wheel would cause it to revolve slowly for a short time after the cessation of its motivating power.

Moss was not entitled to recover under either of these theories because there is no evidence which will support a finding that Powell had negligently operated the machinery or that the power take-off was engaged at any time on the morning of the accident. While negligence may be proved by circumstantial evidence, it is never proper to submit a case to the jury where the finding of negligence would be merely conjectural as it was in this case. McAtee v. Holland Furnace Company, Ky., 252 S.W. 2d 427.

Viewing the evidence in its most favorable light to appellee it is as equally consistent with no negligence as it is with negligence and therefore appellee failed to sustain the burden of fastening tortious

**626**

conduct upon Powell, the alleged employee appellants.

We conclude that the trial court erred in failing to sustain appellants' motion for a directed verdict. All other questions raised on this appeal are specifically reserved.

The judgment is reversed with directions to enter judgment sustaining appellants' motion for judgment n. o. v.