**HARDLY ABLE COAL COMPANY, INC., Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, Defendant.**

No. 79 C 4958.

United States District Court, N. D. Illinois, E. D.

July 23, 1980.

Thomas A. Kiepura, Haskell & Perrin, Chicago, Ill., for plaintiff.

William T. Weaver, Lord, Bissell & Brook, Chicago, Ill., for defendant.

## OPINION AND ORDER

SHADUR, District Judge.

Defendant has moved to strike the allegations of "economic loss" in plaintiff's complaint and to dismiss the case. For the reasons stated in this opinion and order, that motion is denied.

Two legal questions are posed by defendant's motion:

1. What state's substantive law is applicable to plaintiff's cause of action in this diversity case?

2. Does the applicable state law permit a tort cause of action based on either strict liability or negligence where

the only damage claimed is to the *product* that was allegedly designed and manufactured defectively or negligently—that is, where no injury to other property or to persons is charged?

### Facts

Plaintiff's complaint charges that a bulldozer designed, manufactured and sold by defendant was either improperly or negligently designed and manufactured. In either case, the stated consequences were these:

"[W]hen the hoist ram hydraulic crossover hose failed on the alleged bulldozer unit, hydraulic fluid escaped under pressure and sprayed upon the engine and turbocharger housing causing a subsequent fire and explosion which seriously, severely and substantially damaged and destroyed the entire aforesaid International Harvester Model TD–25C Pay Dozer, chassis number 4350064U006339; that as a result of the foregoing extensive damage, the plaintiff has been unable to repair said bulldozer and the same has been scrapped; that as a result of the foregoing damage to the bulldozer unit, the plaintiff has been caused to incur substantial costs in order to remove said damaged bulldozer unit from the job site for analysis, repair evaluation and ultimate demolition; that as a result of the foregoing damage to the bulldozer unit, the plaintiff has been caused to rent at great expense replacement equipment in order to continue with its operation all at its own costs; that as a result of the foregoing damage to the bulldozer unit, the plaintiff has been required to expend additional sums to obtain permanent replacement equipment and has lost earnings and profits thereby."

### Choice of Law

■ Illinois choice of law doctrine of course applies under familiar *Erie v. Tompkins* principles, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In turn, *Ingersoll v. Klein*, 46 Ill.2d 42, 45, 262 N.E.2d 593, 595 (1970) states the Illinois conflicts rule in tort cases:

"The local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case the law of Illinois should apply."

For that purpose Illinois courts follow the Restatement (Second) of Conflicts of Law, under Section 145 of which the following contacts are to be evaluated in accordance with their relative importance to the particular issues presented by the lawsuit:

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

(c) the domicile, residence and nationality, place of incorporation and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered.

■ Effectively the Illinois (and the general) rule is that duplicate prizes are not awarded in case of ties. If the weighting of the several factors is equal, the conventional *lex loci delicti* approach that was once uniformly applied in torts cases prevails. Moreover, Section 158 of the same Restatement provides that in determining under Section 145 whether the interest affected is entitled to legal protection, "the applicable law will usually be the local law of the State *where the injury occurred*" (emphasis added).

■ Here we have (a) a Kentucky accident (b) caused by Illinois conduct (c) where plaintiff is a corporation organized and doing all its business in Kentucky and defendant is a corporation organized elsewhere but having its principal place of business in Chicago. Factor (d) really does not apply, because it cannot be said that the single purchase transaction gave rise to a "centered" relationship between the parties. On an unweighted basis, then, the relevant factors balance, and Kentucky law ("where the injury occurred") would apply.

Evaluating the factors "in accordance with their relative importance" to the lawsuit's issues does not lead to a different result:

1. Illinois has a legitimate interest in the liability to be imposed on Illinois-based manufacturers under strict liability or negligence principles. However, Kentucky has an equally legitimate interest in the remedies to be afforded its residents who suffer such tort injuries. And if it is assumed that the substantive law of the two jurisdictions looks in different directions, each state would seem to have an equal interest in having its tort rule applied in the determination of the issue presented by this case.

2. It may be somewhat more profitable to examine the issues and the proof that would be presented on trial of this suit. Matters relating to the design of the bulldozer are likely to have either an Illinois or a neutral situs (neutral, that is, to the extent that the case as to design is a paper case or that expert witnesses are involved). Matters relating to proof of plaintiff's claimed damages (involving a substantial number of elements under the allegations of the complaint) are apt to be entirely Kentucky-located. At worst the balance scales appear even; if anything, they tip toward Kentucky.

Accordingly the Court concludes that under Illinois conflict-of-law doctrines, the law of Kentucky—where the injury occurred—applies.

### Kentucky's Substantive Law

■ As defendant states, *Illinois* law clearly supports the position defendants argue on the merits: that in actions for either product liability or negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for "economic loss" alone. And it may well be, as defendant asserts (though the Court expresses no view on this score), that the Illinois position represents the better-reasoned authority and the growing trend on the issue.

But this Court is not free to exercise original and independent judgment in this area unless Kentucky courts have left the question entirely open.[1] That is not the case here. Kentucky's Court of Appeals has spoken on this question in *C. D. Herme, Inc. v. R. C. Tway Co.*, 294 S.W.2d 534, 537 (Ky.1956) when it first extended manufacturers' liability in tort cases beyond the "dangerous instrumentality" doctrine:

> "Although the *duty* is stated in terms of the foreseeability of *bodily* harm, we think that if the duty has been violated, the mere fact that the actual injury in the particular happens to be to *property* does not relieve the offender from liability."

After so stating, the Court held that damage to the defective product was itself actionable.

Defendants' efforts to distinguish *Herme* because damage to other property was also involved are unavailing. It is the fact that the Kentucky court specifically granted relief for the damages to the *product* that controls.

### Conclusion

As stated at the outset of this opinion and order, defendant's motion to strike and dismiss is denied. Defendant is directed to file its answer to plaintiff's complaint within twenty days from the date of this order.

---

1. *Erie v. Tompkins* and its progeny operate to make the federal courts totally subordinate to state courts in every diversity case. Although this Court is in full agreement with Professor Crosskey (see Chapter 26 of his monumental piece of scholarship, *Politics and the Constitution* ), and with the commentators that adhere to his view, that this does violence to the Supremacy Clause of the Constitution and the original Judiciary Act adopted by the First Congress, it is not for a District Judge to·rule that *Swift v. Tyson* should be restored to constitutional respectability.