**FALCON COAL COMPANY, Appellant,**

v.

**CLARK EQUIPMENT COMPANY, Appellee.**

**No. 89–CA–1685–MR.**

Court of Appeals of Kentucky.

Oct. 26, 1990.

Discretionary Review Denied by Supreme Court March 6, 1991.

Lee A. Smith, Todd & Smith, Pikeville, for appellant.

Michael A. Stidham, Jackson, Keith McCord, McCord, Weaver & Troutman, P.C., Knoxville, for appellee.

Before HOWARD, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a summary judgment by the Breathitt Circuit Court holding that the appellee, Clark Equipment Company, was not liable to the appellant, Falcon Coal Company, on a theory of strict liability in tort for damages in the amount of $140,-000.00 due to the destruction by fire of a front-end loader manufactured and sold by the appellee to the appellant.

■ The only question raised as phrased by the appellant is whether it may recover from the appellee manufacturer "in a product liability tort action based upon the doctrine of strict liability where the subject damage is limited to the product itself."

The front-end loader was purchased by the appellant from the appellee in February 1973. In October of that same year, after being used for about 2,800 hours, the loader caught fire, allegedly due to a manufacturing defect, and sustained the injury for which damages are sought. The loader was insured against casualty loss, and the insurer paid the appellant under the terms of the insurance policy for the loss incurred.

The appellant argues that under the common law in this jurisdiction, the theory of recovery advanced by it is recognized. In support of this it cites *C & S Fuel, Inc. v. Clark Equipment Company*, 524 F.Supp. 949 (E.D.Ky.1981), *Hardly Able Coal Company v. International Harvester Company*, 494 F.Supp. 249 (N.D.Ill.1980), *C.D. Herme, Inc. v. R.C. Tway Company, Inc.*, Ky., 294 S.W.2d 534 (1956), and *Dealers Transport Company, Inc. v. Battery Distributing Company*, Ky., 402 S.W.2d 441 (1966). The two federal district court cases involved the application of Kentucky law to facts nearly identical to those alleged here. Both courts believed that under Kentucky law a tort action in strict liability could be maintained where the defective product alone is damaged. Both courts cited *C.D. Herme, Inc. v. R.C. Tway Company Inc.*, *supra*, in reaching their decisions, although the Kentucky district court appears to have been more persuaded by a prior similar unpublished decision of the U.S. Court for the Western District of Kentucky and the need for uniform application of the law. For a number of reasons we do not believe that the *Herme* case is dispositive of the question before us.

First of all, *Herme* was not a strict liability case and did not involve injury only to the product itself. Also, that case predated this jurisdiction's adoption of Section 402A

of the Restatement (Second) of Torts in *Dealers Transport Co., supra*, and, of course, did not consider the meaning of "property" as used in that section. Finally, the decision in *Herme* also predated the adoption of KRS 355.2–314 and 355.2–315.

Section 402A of the Restatement (Second) of Torts provides in relevant part that "[o]ne who sells *any product* in a defective condition unreasonably dangerous to the user or consumer or *to his property* is subject to liability for physical harm thereby caused to the ultimate user or consumer, or *to his property ....*" (Emphasis added.) Our reading of this section, as well as the official comment to it, convinces us that Section 402A is aimed at imposing liability for physical harm caused by an unreasonably dangerous product to the user or his other property, but not for harm caused only to the product itself. The term "his property" simply does not appear to be intended to embrace within its meaning the term "any product" as those terms are used in Section 402A. Inasmuch as this section now has been adopted by our highest court as the standard for recovery in strict liability tort cases, and from our reading of this section, it would not permit such recovery in a case like this, we are left to conclude that as it now stands the common law in this jurisdiction does not support the appellant's position.

■ In July 1960, the Uniform Commercial Code became effective in this state. *See* 1958 Ky. Acts, Ch. 77, § 10–101. Sections of that Code, KRS 355.2–314 and 355.-2–315, provide a contractual remedy in a case such as this where the product sold proves to be unfit for its ordinary use. Contrary to the appellee's suggestion, we do not believe that this expression of public policy necessarily precludes the courts from fashioning an additional remedy based upon strict liability in tort, although it may well lessen the need, if any, for such a policy. A discussion of the positions taken by other jurisdictions when confronted with this problem is found in *East River S.S. Corp. v. Transamerica Delaval, Inc.*,

476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), an admiralty case in which the United States Supreme Court decided that the better policy where injury is to the product alone is to leave the purchaser with only his contractual remedy. The trial court was persuaded by the reasoning in this decision and cited it as the basis for granting summary judgment. We need not consider which is the better policy because our highest Court has adopted Section 402A as the policy in this jurisdiction, and until changed by that Court or the General Assembly, there is no remedy based upon strict liability in tort in a case such as this.

The judgment of the trial court is affirmed.

All concur.