**ROBERTS v. ROGERS.**

Court of Appeals of Kentucky.

Feb. 26, 1954.

Robbins & Cross, Mayfield, for appellant.

Martin & Neely, Mayfield, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment against the appellant, plaintiff below, allowing the appellee $1250 damages on his counterclaim. This action arose out of a collision of two motor vehicles at the intersection of Water and Ninth Streets in Mayfield, Kentucky. U. S. Highway No. 45 runs along Water Street and is a through street running East and West. Ninth Street is a stop street running North and South. Water Street is 29½ feet wide and Ninth Street is 37 feet wide.

The appellant said he was proceeding West on Water Street at about 25 miles per hour when he saw a pickup truck near the center of the intersection of Water and Ninth. He applied his brakes, but could not avoid striking the appellee. The collision occurred about 15 feet from the Northeast corner on a 45 degree angle running from the center of the intersection.

Davis L. Dixon, who was riding with the appellant, corroborated his testimony that he was proceeding slightly upgrade from a stop at Eighth Street, when he met a car a short distance from the intersection of Water and Ninth; as soon as he passed the car he saw the appellee's car for the first time and the front bumper of his car was near the center line of Water Street; and he immediately applied his brakes, but the appellee kept coming and the collision occurred.

The appellee's testimony was that he was going North on Ninth Street and stopped

before proceeding across Water Street; and that he had to wait until seven or eight cars passed before he could continue. After the cars had passed, he started across the intersection at five or ten miles per hour, and when he got to the center he glanced up and saw the appellant's car very close to him; the appellant was driving very fast, and he did not have time to get out of his way; and he was knocked unconscious in the collision.

Calvin Dowdy said he stopped behind the appellee on Ninth Street, then pulled around him and turned right onto Water Street, and that he met the appellant about 100 feet from the intersection, driving at 35 to 40 miles per hour.

 The question of whether or not the appellant was negligent in failing to stop in time to avoid the collision was submitted to the jury. The jury found the appellant negligent, thereby precluding him from recovery.

KRS 189.330(5) reads as follows:

"The driver of a vehicle shall likewise stop in obedience to a stop sign at an intersection where a stop sign is erected at one or more entrances to the intersection although part of a through highway does not form the intersection. He shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

In Vaughn v. Jones, Ky., 257 S.W.2d 583, we held that the law not only requires a person to look when he should, but also requires him to see what he should see. The appellee in the case at bar said he did not see the appellant, as he should have done; therefore, he was guilty of contributory negligence by entering the intersection when another vehicle was so close as to constitute an immediate hazard. The court erred in its failure to direct a verdict against the appellee on his counterclaim.

The judgment is reversed, with directions that, if the evidence is substantially the same on another trial, the jury will be instructed to find against the appellee on his counterclaim.