**CURRY'S ADM'X   v.   TRAVELSTED et al.**

Court of Appeals of Kentucky.

June 18, 1954.

Rehearing Denied Oct. 8, 1954.

J. Donald Dinning and McElwain, Dinning, Clarke & Winstead, Louisville, for appellant.

J. Paul Keith, Jr., Jones, Keith & Jones, Louisville, for appellees.

CAMMACK, Justice.

This is an appeal from a judgment wherein the court directed the jury to return a verdict for the defendants at the close of all the evidence.

Martina C. Curry, administratrix of the estate of John Robert Curry, Jr., deceased, brought suit against Frank Travelsted and his son, James F. Travelsted, for the death of her son, John Robert Curry, Jr. John's death was the result of a collision between a laundry truck driven by him and a car driven by James Travelsted. The collision occurred at what is known as a "Four Way Stop" at the intersection of Thirty-second Street and Vermont Street, in Louisville, Kentucky. Thirty-second Street runs north and south. Vermont Street runs east and west.

John Curry was proceeding south on the right side of Thirty-second Street at about 25 miles per hour. When he reached the intersection he did not stop as he was required to do, but slowed down to 15 miles per hour and proceeded on into the intersection. He crossed the center line of Vermont Street and was in the southwest corner of the intersection when James Travelsted ran the stop sign on Vermont Street and hit the right rear wheel and fender of Curry's truck. As a result of the collision, Curry's truck was turned over and he was killed.

James Travelsted was driving a 1935 Chevrolet automobile, allegedly given to him by his father, but which remained registered in his father's name. James said he was proceeding east on the right side of Vermont Street at about 20 to 25 miles per hour. As he reached the intersection he slowed to 10 or 15 miles per hour, then proceeded on into the intersection. Just as he entered the intersection he saw the truck in front of him. Seeing that it was too late to avoid a collision, he swerved his car to the right and struck the truck on its right rear fender with his left front bumper and fender. James said also that the truck was traveling fast.

Robert Brown, a cousin of James Travelsted, and who was riding with him when the collision occurred, corroborated James's testimony. Brown's testimony, however, can not be given much weight because there are contradictions in his testimony and because of a prior contradictory statement given by him. He shows also that he was not qualified to judge the speed of an automobile by stating that the truck was going from 55 to 60 miles per hour.

Dorothy Kathryn Norris, who lives on Vermont Street in the second house from the corner of Thirty-second and Vermont, was sitting on the porch and saw the collision. Her testimony is to the effect that her attention was attracted to James Travelsted's car by the fact that it was going too fast to stop at the intersection; that the laundry truck was in the southwest corner; and that before James could stop his car he struck the right rear wheel of the truck. Mrs. Norris also says that the truck sounded as if the gears were being changed.

The appellant contends that it was error for the court to direct a verdict for the

appellees. We feel that his position is well taken.

It does not appear upon what ground the court directed the verdict, but from reading the record it seems safe to conclude that the court considered John Curry guilty of contributory negligence as a matter of law by failing to stop at the intersection.

John Curry was guilty of negligence to some degree in failing to stop before entering the intersection, but James Travelsted was guilty also of negligence by failing to see the deceased in the intersection and by running the stop sign. The question of whether John Curry's negligence was a contributing cause of the collision should have been submitted to the jury. Saddler v. Parham, Ky., 249 S.W.2d 945.

Judgment reversed and cause remanded for proceedings consistent with this opinion.