Charles TUGGLE, by his father and next friend, S. P. Tuggle, Appellant,

v.

William TAYLOR, Appellee.

Court of Appeals of Kentucky.

May 13, 1955.

Rehearing Denied Oct. 28, 1955.

Bullitt, Dawson & Tarrant, Thomas S. Dawson, Louisville, for appellant.

Woodward, Hobson & Fulton, Fielden Woodward, R. P. Hobson, Louisville, for appellee.

CAMMACK, Judge.

This is an automobile negligence case wherein the jury returned a verdict in favor of the appellee, William Taylor, defendant below. Reversal is urged upon the ground that the trial court erroneously instructed the jury. The appellee contends that he was entitled to a directed verdict, and also that the instructions were not erroneous.

Charles Tuggle was 18 years of age when he was injured at Willow Lake early on the morning of July 19, 1951. Charles Akers owns Willow Lake. The Lake and its surrounding area consists of some 27 acres. The entire area, except for about two acres around Akers' home, is open to the public, at a charge, for fishing and picnicking. There is a graveled road from the highway down to the Lake. Akers and other witnesses said there was a graveled parking area near the Lake. Akers said also that patrons usually parked on the gravel, but that it was not unusual for them to park in any space in the area, especially on Saturdays and Sundays.

Tuggle, Paul Callahan and Raymond Bynum decided during the night of July 18th to go fishing at Willow Lake. They arrived at the Lake at about 1:00 a. m. They planned to sleep until daybreak, when they would start fishing. There was no one at the Lake when they arrived. They parked their car on the graveled parking place, headed toward the Lake near some trees. Callahan and Bynum slept in the automobile. Tuggle said he took two blankets and went to sleep on the ground about five or six feet in front and slightly to the right of the car. Tuggle said he was awakened about daybreak when Taylor's car ran upon his body. Callahan and Bynum were awakened by Tuggle's screams. Tuggle said Taylor backed his car a few feet. Tuggle stayed around the Lake a while and was then taken to the Pleasant Grove Hospital by his friends. The party returned to the Lake and when Tuggle became ill again he was taken to a doctor and from there to a hospital where his spleen was removed.

Taylor said he started to Willow Lake, where he had gone fishing on many occasions, about daylight on the morning of July 19th. When he reached the Lake he still had his cowl lights on, but he did not need them to see. According to him, it was daylight when he reached the Lake and nothing, including the shade from the trees, impaired his vision. He was the only witness who said the parking area, which, according to him, would accommodate some 20 to 25 cars, was not graveled. He said he saw a black car near the Lake when he started down the lane; there were no lights on it; he saw nothing in or around the car that would indicate there was any person in or near it; he stopped his car parallel to the other car some 15 or 20 feet away from it; the first he knew that anything was wrong was when he heard someone calling for help; then he saw Tuggle in front of his car with an Army blanket around his shoulders; and he did not drive his car over Tuggle and he felt nothing which

would indicate that he had done so. In answer to a question on cross examination as to whether it was light enough for him to have seen Tuggle if he had been looking where he was going, Taylor answered, "Yes, sir." Bynum said that when he reached Tuggle he was on his back a few feet in front of Taylor's car and propped up a little on one elbow and that he helped pull him to a sitting position. Callahan was with the U. S. Air Force in Arizona at the time of the trial.

■ Clearly the case was one for the jury. While it was tried as a last clear chance case, many of its aspects make it appear as one of ordinary negligence. In either event, the crucial question was whether the negligence of Tuggle or that of Taylor was the ultimate cause of Tuggle's injury. Saddler v. Parham, Ky., 249 S.W.2d 945; Roberts v. Rogers, Ky., 265 S.W.2d 448; Curry's Adm'x v. Travelsted, Ky., 271 S.W.2d 37.

The first instruction given by the trial court follows:

"1. The plaintiff, Charles Tuggle, was guilty of contributory negligence as a matter of law and under this instruction you will find for the defendant, William Taylor, unless you find under the instruction hereinafter given you.

"The court instructs the jury that the position of plaintiff at the time and place referred to in the evidence was a position of peril and if you believe from the evidence that that position of peril would be obvious to a reasonable person operating an automobile under like or similar circumstances to those referred to in the evidence in this case, and if you believe from the evidence that such position of peril was obvious to defendant, and further believe from the evidence that the defendant, William Taylor, saw or by the exercise of ordinary care could have seen the position of plaintiff, Charles Tuggle, a

sufficient distance ahead of his automobile that by the exercise of ordinary care and the use of the means at his command defendant could have stopped his said automobile or changed its course in time to have avoided striking plaintiff and the defendant, William Taylor, negligently failed so to do, then the law in this case is for the plaintiff, Charles Tuggle, and you will so find.

"But unless you so believe you will find for the defendant, William Taylor."

■ Tuggle contends that it was error for the court to instruct the jury that he was contributorily negligent as a matter of law, and also in failing to place a lookout duty upon Taylor. On the other hand, Taylor contends that he was entitled to a directed verdict, and, further, that the latter part of Instruction No. 1 properly covered the last clear chance question. While it is true that the latter part of Instruction No. 1 was designed to cover the last clear chance question, we think it was error for the court to tell the jury in the first part of the instruction that Tuggle was guilty of contributory negligence as a matter of law and to relieve Taylor of a lookout duty. The only lookout duty placed upon Taylor was in connection with the question of last clear chance. We do not believe that Instruction No. 1 was so framed as to present properly the case to the jury. Tuggle may have been negligent in sleeping on the ground near the car in which he rode to the Lake, but this is far from saying he was guilty of contributory negligence as a matter of law. Taylor's own testimony shows that he could have seen Tuggle if he had been looking ahead. As pointed out in the Roberts v. Rogers case, the law requires one to look when he should and also to see what he should see.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.