Mrs. W. C. ASHER, Plaintiff,

v.

E. O. FOX, Defendant and Third-Party Plaintiff (Charmaine ASHER, Third-Party Defendant).

W. C. ASHER, Plaintiff,

v.

E. O. FOX, Defendant.

Nos. 680, 693.

United States District Court
E. D. Kentucky.

Sept. 8, 1955.

J. Milton Luker, London, Ky., Charles R. Luker, London, Ky., for plaintiffs Mrs. W. C. Asher, W. C. Asher and third-party defendant Miss Charmaine Asher.

William A. Hamm, Boyd F. Taylor, Jr., London, Ky., for defendant E. O. Fox.

FORD, Chief Judge.

By the above entitled action No. 680, Mrs. W. C. Asher seeks damages for personal injuries which she claims to have sustained by reason of negligence of the defendant E. O. Fox in so operating his automobile upon a public highway as to cause it to come into collision with an automobile in which she was riding. By agreement of the parties, this action, for the purpose of trial, was consolidated with action No. 693, a suit in which W. C. Asher, husband of the plaintiffs, seeks to recover compensation for certain expenses incurred and for deprivation of the services, society, comfort and consortium of his wife by reason of her injuries alleged to have been sustained as set out in her complaint.

In action No. 680, the defendant E. O. Fox filed a counterclaim against the plaintiff and a third-party complaint against Miss Charmaine Asher, her daughter and driver of plaintiff's car, asserting his claim for damages on account of personal injuries and damages to his automobile which he claims to have sustained by reason of their negligence in causing the collision referred to in the complaint. In response to the third-party complaint against her, Miss Charmaine Asher filed a counterclaim for her injuries. The Court has jurisdiction of the parties and the subject matter. 28 U.S.C.A. § 1332.

By appropriate pleadings the issues were joined upon the claims asserted by the parties against each other. The consolidated cases were tried to the Court, without intervention of a jury. They were briefed by counsel for the respective parties and are now submitted to the Court for judgment upon the facts and the applicable law.

At about mid-day on October 6, 1952, there was a collision between a Buick automobile operated by Miss Charmaine Asher, which will be referred to as "the Asher car", and an Oldsmobile automobile operated by the defendant E. O. Fox, which will be referred to as "the Fox car". The collision occurred a short distance north of Mt. Vernon, Ky., on U. S. Highway No. 25 where the highway runs approximately north and south. Miss Asher was accompanied by her mother, Mrs. W. C. Asher, and her friend, Miss Marilyn Hanna, both of whom were seated with her upon the front seat of the Buick automobile, which was traveling north. The defendant, Mr. Fox, accompanied by his wife, was traveling in the south bound lane in the opposite direction. For a considerable distance south of the point of collision and for a distance of approximately 1200 feet north thereof the road was straight with a slight down grade and with nothing to obstruct the view. It was raining and the bituminous surface of the road, about 27 feet in width, was naturally slick. It appears from the evidence without dispute that as the Asher car approached the place of the collision it was traveling to its right of the center line of the road, which was indicated by a distinct white mark; that two automobiles were proceeding on the same side of the highway in front of the Asher car; and that the foremost car in the line was occupied by Mr. and Mrs. Collie Edwards. After the car which was immediately in front of the Asher car had passed the Edwards car, the driver of the Asher car also undertook to pass around the Edwards car by turning to the left across the center line and attempting to proceed north in the south bound lane.

Both Mrs. Asher and her daughter testified that before entering the south bound lane for the purpose of passing the Edwards car they carefully looked ahead; that the road was straight and vision unobstructed and they did not see the Fox car approaching; that, as they started to pass, their car slightly skidded and was immediately righted and returned to a position back of the Edwards car, parallel with the center line of the road and well to the right thereof when the Fox car, traveling at a "terrific speed" of 70 to 80 miles per hour swerved across the center line and collided with their car causing their injuries. The testimony of Miss Hanna throws little, if

any, light upon the facts at this point. She testified: "Charmaine pulled out to pass and began to skid. I can't go into any detail because I don't remember. I saw a car approaching and I saw it at quite a length; it was quite a distance and I wasn't concerned because we had plenty of time to pass. It kept getting closer and closer and it became evident that we were going to hit, and then I braced myself and ducked."

On the other hand, the defendant Mr. Fox and his wife both testified that the Asher car, in attempting to pass the Edwards car, skidded and then collided with their car on their right side of the center of the highway in the south bound lane in which the Fox car was traveling and that at the time of the collision the Fox car had practically come to a stop on the shoulder of the highway west of the south bound lane.

It is thus apparent that the facts related in the testimony of the adverse parties in respect to the facts and circumstances of the collision upon which the determination of the issue of negligence depends are in such irreconcilable conflict and so equally balanced that we must turn to the testimony of other witnesses for the preponderance of the evidence. Preponderance of the evidence is a phrase which, in the last analysis, means "probability of the truth", 20 Am.Jur. § 1249, p. 1100.

Under the law of Kentucky the rule has been long established that "In civil actions where the questions at issue are involved in doubt the preponderance of the evidence determines the rights of the parties, and to adjudge differently in this class of cases would be disregarding a plain elementary principle applicable to the trial of civil causes." Aetna Insurance Co. v. Johnson, 11 Bush. 587, 74 Ky. 587, 593; Black Star Coal Co. v. Hall, 257 Ky. 481, 484, 78 S.W.2d 343.

Mr. Collie Edwards, who was operating the car which the Asher car attempted to pass just before the collision, testified that he was traveling at about 35 to 45 miles per hour and said: "There was a kind of a hill going up to where the accident occurred, and over the hill we started down and I had noticed this Buick behind me; also, just after I noticed it, I saw the Fox car coming. He was going upgrade and he was doing about 35 to 50 miles an hour going upgrade and evidently was slowing down. I noticed this here Buick pulled out once before, like he was going to pass me up."

"The Court: You mean the Asher car started to pass once before the accident? A. Yes, sir. Then I noticed the Fox car. I looked in the mirror and I seen the Buick car had pulled out to the left and had got up pretty close to me. * * *

"The Court: It was the Asher car that was attempting to pass you? A. That's right. I looked in the mirror about the time they hit. So I pulled off at the right hand side of the road and stopped. I stopped approximately 75 feet from the accident, and me and my wife got out and went back. * * *

"Q. 28. Now when you looked in your rear view mirror about the time they collided, did you see them come together? A. I did.

"Q. 29. Describe and tell where the Fox automobile was at that time. A. On the shoulder of the road.

"Q. 30. On which side? A. The right side, going south."

There is nothing in the record to indicate that Mr. Edwards was acquainted with either of the parties to the controversy prior to the accident or that his testimony is colored or influenced by any interest in the case. He is the only disinterested witness who saw the collision.

In addition to Mr. Edwards, several other witnesses saw the position of both cars on the highway after the collision and before they were moved. They corroborated the testimony of Mr. Edwards to the effect that the Fox car was on the right edge of the south bound lane facing south, parallel to the highway, with two wheels off the hard surface on the shoulder and the Asher car

was at an angle across the highway facing slightly south with its right front wheel across the center line and the rear of the car far enough from the east edge of the north bound lane to enable motor vehicles to pass with two wheels on the hard surface.

Kentucky Revised Statutes, section 189.340(3) provides:

"No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless the left side is clearly visible and free of on-coming traffic for a sufficient distance ahead to permit overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction * * *."

According to the preponderance of the evidence, at the time the Asher car undertook to pass the car of Mr. Edwards by driving to the left side of the center of the highway, the Fox car was approaching so closely in the south bound lane as to constitute an immediate hazard, although both Mrs. Asher and her daughter, Miss Charmaine, who was driving her car, testified that before turning across the center line for passing they looked ahead and did not see the approaching car. Nevertheless, under the law of Kentucky, where, as here, there was nothing to obscure the vision of the driver of the Asher car, she was not only required to look but to look in such careful manner as would enable her to see that which a person in the exercise of ordinary care and caution would have seen under like circumstances. "The law not only requires a person to look when he should, but also requires him to see what he should see." Roberts v. Rogers, Ky., 265 S.W.2d 448, 449. If, under the circumstances, Miss Asher ought to have seen the approaching car, she was guilty of negligence even though she testified she did not see it. Vaughn v. Jones, Ky., 257 S.W.2d 583.

By the preponderance of the evidence, it is made quite clear (1) that the driver of the Asher car, while proceeding north on the highway, was negligent in violating the Kentucky Statute above referred to by turning the car to her left side of the center of the highway in an effort to pass the Edwards car at a time when the highway was straight for a long distance ahead and when the Fox car was approaching in the southbound lane so closely as to constitute an immediate hazard which, in the exercise of ordinary care, she should have seen; (2) that the Asher car was caused to collide with the Fox car upon defendant's right side of the center of the highway; (3) that the Fox car was operated at a reasonable rate of speed without negligence, and (4) that the negligence of the driver of the Asher car was the sole cause of the accident. She is, consequently, liable upon the third-party complaint filed against her for the damages sustained by the defendant as the proximate result of the collision.

It follows that the claims asserted in the complaint of the plaintiff Mrs. W. C. Asher and in the counterclaim asserted by Miss Charmaine Asher in action No. 680, and the claim asserted by W. C. Asher in action No. 693 must be dismissed.

The evidence shows without dispute that the personal injuries sustained by the defendant E. O. Fox as the result of the accident consisted of a cut on his forehead, which required eight stitches, and a severe bruise to his leg. For his injuries he was given emergency treatment by Dr. Griffith of Mt. Vernon, Ky. This was followed by treatment by Dr. L. D. Lee, of Chicago, covering a period of about six weeks. His medical expenses amounted to $118. No doubt these injuries were painful. Fair compensation to Mr. Fox for pain and suffering would seem to be $500 and for his medical expenses $118, entitling him to judgment in the sum of $618. No award can be made for his claimed damages to his automobile for the reason that he in-

troduced no proof upon which the legal measure thereof can be based.

 It appears from the evidence without dispute that at the time of the accident the Asher car was registered in the name of Mrs. Asher and she had not divested herself of title to it. Soon after receiving it as a present, she had turned over its complete and exclusive possession and control to her adult daughter, Miss Charmaine Asher, for her use in the pursuit of her profession in which she was engaged as a concert musician in Kentucky and other states. At the time of the accident, Mrs. Asher was merely a guest of her daughter who was proceeding to Georgetown, Ky., to give a concert at Georgetown College. Miss Hanna was her accompanist. Miss Asher and her mother were not engaged in a joint enterprise, nor does the evidence establish that between them there existed the relationship of master and servant or principal and agent.

I find no Kentucky case precisely in point and none has been cited in the briefs filed by the parties. However, in Christensen v. Hennepin Transportation Co., 215 Minn. 394, 10 N.W.2d 406, 412, 147 A.L.R. 945, 952, the following statement by the Supreme Court of Minnesota seems to correctly set forth the rule of law applicable here:

"Ownership of an automobile in which the owner is riding, but which is being driven by another, does not establish as a matter of law right of control in the owner. Right of control may be surrendered, as it often is, where the owner parts with the possession of his car to another. In that situation the parties stand in the relationship of bailor and bailee. The negligence of a bailee in operating an automobile is not imputable to the bailor. Mogle v. A. W. Scott Co., 144 Minn. 173, 174 N.W. 832."

The defendant is entitled to judgment for his costs against the adverse parties in both consolidated cases. Counsel for defendant will prepare, serve and submit for entry judgment in conformity herewith.