Ben J. JOHNSON, Statutory Guardian For Chester Davis Dickerson, An Infant Six Years of Age, Appellant,

v.

Curtis L. GAINES et al., Appellees.

Court of Appeals of Kentucky.

May 16, 1958.

Julius Leibson, Louisville, for appellant.

A. Shelby Winstead, McElwain, Dinning, Clarke & Winstead, Louisville, for appellees.

WADDILL, Commissioner.

Chester Davis Dickerson, five years of age, was struck and injured by a taxicab driven by Curtis L. Gaines, an employee of the Louisville Taxicab & Transfer Company. This action was instituted by the child's statutory guardian to recover damages against the owner and the operator of the taxicab. On the trial of the case, the jury found for the defendants. For reversal, it is urged that the court erred: (1) In instructing the jury; and (2) in excluding certain testimony sought to be elicited from William G. Dearing concerning reaction time and braking distances.

The accident occurred during the afternoon of August 23, 1955, while the taxi was proceeding north on Floyd Street in the City of Louisville at approximately 25 miles an hour. When the cab reached the middle of the block, several children ran across the street, and the driver of the taxicab reduced the speed of his vehicle. Shortly thereafter, the Dickerson child darted into the street from an alley abutting on the east side of Floyd Street and was struck by the taxicab while it was traveling slowly in the northbound traffic lane. The driver of the cab testified that several cars were parked along the east curb and they partially blocked his view of the east side of the street.

Appellant contends that since the driver of the cab had seen children crossing the street immediately prior to the time the Dickerson child ran into the street, the court erred in failing to give the instruction appellant offered, which, in substance, provided that: It was the duty of the driver of the taxicab to keep a proper lookout ahead and to anticipate the propensities of young children, including the plaintiff, to dart or run into the street, and to exercise ordinary care toward such children.

It nows appears to be the rule in this state that operators of vehicles using city streets who see, or by the exercise of ordinary care could see, young children on the sidewalks must anticipate their instinctive tendency to run into the street. Davis' Adm'x v. Gordon, 309 Ky. 121, 216 S.W.2d 409; Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897; Roselle v. Bingham, 242 Ky. 496, 46 S.W.2d 784. However, we are not concerned with the application of this rule in the instant case because the driver of the taxicab did not have an opportunity to see the Dickerson child until the child was in the street. Under these circumstances, the crucial question for the jury to decide was whether the driver of the taxicab exercised ordinary care to avoid striking the child. Other contentions concerning the instructions cannot be considered for the reason that the appellant failed to state specifically the grounds of objection. Clay, CR 51, Author's Comment (1).

It is next contended that the court erred in sustaining objections to certain questions appellant's counsel asked William G. Dearing, a member of the Louisville Police Force. The questions propounded to

this witness concerned reaction time and braking distances. The following, and similar questions were asked Dearing: "Now assuming that in this case a taxicab leaves skid-marks of thirty feet leading or going from its rear wheels back thirty feet from where the car stops,—now, I want you to tell the jury—not in feet, but in seconds, what the reaction time would be"? Obviously, the question in this form could not be answered. Hence, the court committed no error in sustaining objections to questions of this type.

Judgment affirmed.