Ernest E. BROTHERS, Jr., an Infant under the Age of 7 Years, by Ernest E. Brothers, Sr., Father and Next Friend, Appellant,

v.

John A. CASH, Albert M. Laughner, t/d/b/a Laughner Chrysler & Plymouth Company, and Amos Tomlinson, Appellees.

Court of Appeals of Kentucky.

Oct. 16, 1959.

Rehearing Denied March 25, 1960.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, J. T. Hatcher, Paul M. Lewis, Elizabethtown, for appellant.

L. A. Faurest, Jr., James M. Collier, Elizabethtown, Edward J. Hogan, John L. Bennett, Jr., Louisville, for appellees.

CLAY, Commissioner.

An automobile driven by appellee defendant Cash struck and injured the infant plaintiff appellant, a five year old pedestrian, on a street in Ft. Knox. A jury returned a verdict for plaintiff in the sum of $5,500 against Cash and his employer. The trial court set aside the judgment entered on this verdict, and gave judgment for the defendants under CR 50.02 on the ground the plaintiff had failed to prove negligence. The correctness of this ruling is the significant question on this appeal.

Cash was driving a new station wagon south on Chaffee Avenue in Ft. Knox. After passing a large "Bookmobile" vehicle parked on his right, he struck the plaintiff who had walked or run across in front of the Bookmobile. The point of impact was to the right of the center of the street, which is 31 feet wide. Plaintiff was struck by the extreme right front of the station wagon.

Both parties in their briefs seem to treat the question of negligence as a mathematical problem, suggesting various deductions from accurately measured distances. The station wagon skidded 21 feet and stopped with its front wheels 38 feet in front of the Bookmobile. The plaintiff was lying 16 feet in front of the station wagon. The uncontradicted facts with respect to measured distances, plus uncontradicted testimony, clearly established that the station wagon was proceeding at a reasonable speed, that the driver had his vehicle under control, and that he made a good stop. The vital issue in the case is whether or not he was keeping a reasonable lookout.

The only direct evidence favorable to the plaintiff on this question was the testimony of a nine year old boy. He witnessed the accident from a position diagonally across the street from, and some distance behind the Bookmobile. The substance of his testimony was that the plaintiff was walking across in front of the Bookmobile, and that he was about in the middle of the street before the accident.

It is clear that his point of vantage enabled this witness to see the plaintiff sooner and better than he could have been seen by the defendant driver. The fact that he said the plaintiff was walking (there was rather convincing evidence he was running) is not of much significance because this witness did not say how fast he was moving, the direction of his movement, or his proximity to the Bookmobile. His statement that the plaintiff was "about in the middle" of the street (before the station wagon blocked his view) is at variance with the physical facts shown by the photographs which established quite clearly that the plaintiff could not have reached the middle of the street before being struck. It may be noted that this witness testified plaintiff continued on across the street in the path of the automobile. (The plaintiff did not testify.)

We do not believe the testimony of this witness constituted evidence of substance that the defendant driver, keeping a reasonable lookout, should have seen the plaintiff in time to have avoided striking him.

Plaintiff contends the physical facts show the defendant driver could, or should have seen the plaintiff in time, but they furnish no more than a basis for speculation on this point. We are of the opinion the trial court correctly decided that the plaintiff failed to prove defendant Cash

was negligent. Unfortunate as are such accidents, motorists are not insurers of children, and it is the duty of the court to set aside a jury verdict which imposes liability, upon sympathetic considerations, where fault is not shown.

No prejudicial error is shown with respect to certain procedural questions raised by the plaintiff.

The judgment is affirmed.