Cecil H. MILBURN, Administrator of Estate of Thomas Milburn, Deceased, Appellant,

v.

Martha L. RAGER, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1961.

M. Joseph Schmitt, Allen Schmitt, Louisville, for appellant.

Kent McElwain, Louisville, for appellee.

CULLEN, Commissioner.

The administrator of the estate of Thomas Milburn, deceased, brought action against Martha Rager to recover damages for the wrongful death of Milburn, alleged to have been caused by Mrs. Rager's running into him with her automobile. The jury returned a verdict for the defendant and from the judgment entered on that verdict, dismissing the action, the administrator has appealed.

The appellant maintains that the trial court erred in admitting certain evidence bearing on the decedent's earning capacity and state of health, and in giving an instruction on contributory negligence. The appellee takes the position that the assigned errors are immaterial because she was entitled to a directed verdict.

The action was based on a claim that Mrs. Rager, in driving her automobile out of a parking lot in the City of Louisville around 2:00 a. m. on a morning in March, struck Milburn, who was walking along the sidewalk, and knocked him into the middle of the street, causing injuries which resulted in his death a few hours later. Mrs. Rager denied that her car struck Milburn, and testified that when she drove out of the parking lot she saw Milburn's body lying in the middle of the street.

No witness saw Mrs. Rager's car hit Milburn. The plaintiff was required to base his case solely on circumstantial evidence.

The evidence for the plaintiff (which we need not relate) perhaps was sufficient to raise an inference that Mrs. Rager's car did hit Milburn, although it does not indicate that the motion of the car was such as normally would have resulted in such serious injuries as Milburn sustained. But as concerns the essential factors of negligence and causation the evidence does no more than suggest a possibility that the accident was caused by negligence of Mrs. Rager. The evidence does not show that before he was hit Milburn was in a position where

he was or should have been seen and avoided by Mrs. Rager. The jury was required to resort to speculation, surmise or guesswork as to how and where the accident happened. Under these circumstances the defendant was entitled to a directed verdict. Hollon v. Greyhound Corporation, Ky., 272 S.W.2d 329; Priest's Adm'x v. E. L. Anderson Lumber Co., Ky., 302 S.W.2d 376.

The judgment is affirmed.