INTERNATIONAL HARVESTER COMPANY, Inc., et al., Appellants,

v.

Grover HUBER, Adm'r of Estate of R. G. Stith, and Edward Mackey, Adm'r of Estate of W. L. Long, Appellees. (Consolidated cases.)

Court of Appeals of Kentucky.

June 1, 1962.

Rehearing Denied Sept. 21, 1962.

Ben T. Cooper, Charles W. Morris, Louisville, for appellants.

M. Joseph Schmitt, Allen Schmitt, Louisville, for appellee Huber.

Henry D. Hopson, Hamilton, Hopson & Hamilton, Louisville for appellee Mackey.

STEWART, Chief Justice.

These two actions arose out of an automobile accident which caused the deaths of Louisville police officers Raymond Stith and William L. Long, aged 50 and 29, respectively, at the time of their deaths. The cases were tried together. The estate of Stith recovered a judgment of $14,600 against International Harvester Company, Inc., and its truck driver, Charles Kimbrough; the estate of Long recovered a judgment of $36,600 against the same parties.

On this appeal, appellants argue that the lower court erroneously failed to give a tendered instruction and also erred in giving Instruction 1(c). These grounds will be discussed in the order presented.

The instruction offered by appellants, if given, would have told the jury it was the duty of the driver of the Stith car, William L. Long, "to have burning on said automobile two headlights so aimed and of such intensity as to reveal persons and vehicles at a distance of at least 350 feet ahead under ordinary atmospheric conditions."

This instruction was predicated upon the assumption that there was a failure upon the part of the above driver to comply with the terms and conditions of KRS 189.040(3) (a), the provisions of which were embodied in the instruction. Appellees maintain the trial court properly refused to give the instruction for the reason that no evidence was introduced which showed the headlights on the Stith car were unlit.

Upon the occasion of the accident Long was driving Stith's automobile around 4:00 o'clock in the morning with Stith as a passenger. They were heading south on Crittenden Drive in the City of Louisville

in the right-hand lane, and a police car with Ernest T. Whittus under the wheel was following in the same lane about 40 or 50 feet behind. The latter was also a police officer.

At the same time, Charles Kimbrough was driving the dump truck of his employer, International Harvester Company, also southbound in the right-hand lane and in front of the Stith car. When the truck was 40 or 50 feet from an intersection at which the truck driver intended to turn right, it was struck in the rear by the Stith car. The car was demolished and both Stith and Long were killed.

There was no other traffic on the street at the time. Appellants' evidence was that the truck lights were burning, its speed was 15 to 20 miles per hour, and its turn-signal flasher was illuminated. The truck was loaded with ashes and the impact knocked it forward, broke its crankshaft, sheared the spring shackles and broke some wires. The street and intersection were illuminated by street lights and unusually bright lights lit up a nearby gateway to the International Harvester plant.

Appellees' evidence was that the place where the collision occurred was very dark; that the two outside directional lights, the stop light and the brake light with which the truck was equipped were extremely dirty, so that they were practically dimmed out; and that the truck was not furnished with clearance lights, as required by KRS 189.050(4).

In undertaking to establish that the Stith car did not have its headlights on, appellants rely upon the proof of Charles Kimbrough, the truck driver. However, a careful reading of his testimony does not produce one line of evidence that the headlights were off. When he was on the stand as a witness in chief, he stated he had no indication that any one was behind him prior to the time of the accident. On cross-examination, he said: "I didn't think to look. See, I was in the proper lane, I had no cause to look behind me." Later

on, while being cross-examined, he repeated that he never looked behind him to ascertain if another motor vehicle was following him.

Nevertheless, appellants claim that this evidence of Kimbrough created a strong inference that the Stith car did not have its headlights lit at the time of the accident and therefore the instruction outlining the duty to have statutory lighting in the respect mentioned was necessary. We are of the opinion this testimony falls far short of creating such an inference.

On the other hand, there does exist evidence in this case which points up in a rather persuasive manner that the headlights were burning. Ernest T. Whittus, the police officer who had been traveling with the Stith car during its entire journey on this fateful night, testified he at one time was in front of the Stith car and he saw its headlights turned on in his rearview mirror. A short time later he pulled behind the Stith car and followed it up to the moment of the collision, and from this position he observed its taillights were lit. He stated he therefore believed the headlights on the Stith car were on when it collided with the truck, as it is presumed to be common knowledge that taillights and headlights are on the same switch.

■ We conclude the evidence strongly tends to show the headlights on the Stith car were burning on the occasion of the accident. Furthermore, there is no proof in the record which in any wise indicates they were out. Consequently, no issue of fact was raised on this point, and it is our view the trial court correctly declined to give the requested instruction. See Smith v. Collins, Ky., 277 S.W.2d 38.

■ The next alleged error poses a question as to the propriety of an instruction which told the jury it was the duty of appellants to have clearance lights displayed on the truck as required by KRS 189.050(4). Instruction 1(c), about which complaint is made, outlined this duty. Although it is admitted the truck was not

equipped in conformity with this statutory provision, it is argued that such an omission was not the proximate cause of the collision.

Any contention as to this instruction cannot be considered on this appeal for the reason that appellants failed, as required by CR 51, to state to the trial court their specific ground of objection. See Johnson v. Gaines, Ky., 313 S.W.2d 408.

Wherefore, the judgment is affirmed.