Karl O. POTTS, Jr., et al., Appellants,

v.

Merrick KREY, An Infant by Harry E. Krey, His Next Friend, et al., Appellees.

Court of Appeals of Kentucky.

Dec. 7, 1962.

William E. Wehrman, R. Barry Wehrman, Covington, for appellants.

Rodney S. Bryson, Covington, Lindhorst & Dreidame, Cincinnati, Ohio, for appellees.

CULLEN, Commissioner.

Karl O. Potts, Jr., a truck driver, and Continental Coffee Company, his employer, appeal from a judgment awarding damages in the amount of approximately $28,000 to Merrick Krey, an infant, and his parents for personal injuries and resulting expenses incurred as a result of Merrick's being hit by a Continental truck operated by Potts. The primary contention of the appellants is that they were entitled to a directed verdict.

The accident occurred on a residential street at 5:15 p. m. on a September afternoon. The boy, five and one-half years of age, was struck by the right front bumper of the truck. The boy did not testify on the trial and the only other witness to the actual collision was Potts. He testified that he did not see the boy until he "saw this flash from the right-hand front fender" and that he did not know that it was a boy he had struck until after he had brought the truck to a stop.

There were no vehicles parked on the street and there was nothing in the yards on the right side of the street for a distance of from 15 to 25 feet back from the street to obstruct the view of a motorist, except some telephone poles, 75 feet apart, standing two feet back from the curb. It is argued by the appellants that the boy might have come from behind a telephone pole, but the evidence as to where the truck came to a stop and as to the length of its skid marks tends strongly to indicate that the point where the boy was struck was at least 20 feet from the nearest telephone pole.

The situation thus presented is, that despite the absence of any view-obstructing obstacles for a distance of at least 15 feet back from the street, the truck driver did not see the boy until the moment of impact. While there was no direct evidence that the boy was in a position where he could have been seen, the circumstantial evidence indicates he must have been in such a position. In our opinion the circumstantial evidence warranted a finding that Potts negligently failed to keep a proper lookout, because the law requires not only that a person look when he should, but also that he see what he should see. Roberts v. Rogers, Ky., 265 S.W.2d 448; Tuggle v. Taylor, Ky., 282 S.W.2d 615. Also, as said in Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448, and in Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897, a motorist who merely looks down a street in utter disregard of pedestrians on the side of the street will not be exonerated by the "sudden appearance" of a pedestrian because any appearance is sudden to such a motorist.

The situation here is different from that in Benton v. Parks' Administrator, Ky., 272 S.W.2d 466, where the physical conditions along the side of the highway were such that it was just as likely that the child was concealed as it was that he was in a position where he should have been seen. The same is true as to Milburn v. Rager, Ky., 352 S.W.2d 198, when the accident occurred at night and there were conditions that could have concealed the pedestrian from view.

We have many cases such as Johnson v. Gaines, Ky., 313 S.W.2d 408, and Brothers v. Cash, Ky., 332 S.W.2d 653, exonerating the motorist where a child darted into the street from a concealed position or from behind a parked vehicle, but they are not applicable here because there was nothing here, close to the street, to conceal the child.

As concerns the matter of proximate cause, the question is whether the evidence would warrant a finding that the boy's position and movements were such that had Potts been maintaining a proper lookout he could have avoided hitting the boy. The possibility most favorable to Potts would be that the boy ran into the highway from behind some concealing obstacle 15 feet back from the highway. This would mean that the boy would have run 15 feet to the curb and then a few more feet into the street, in full view of Potts. We think a

jury would be entitled to conclude that during this time a motorist in Potts' position, keeping a proper lookout, could have maneuvered his vehicle to avoid hitting the boy. Particularly is this so because Potts knew there were a number of small children living along this street, and he saw two children on the left of the street as he approached the point of the accident, which put him under the duty to be prepared for the possibility of a child's running into the street. See Johnson v. Gaines, Ky., 313 S.W.2d 408.

■ The appellants maintain that the court erred in instructing on Potts' general duties with respect to lookout, speed and control. For the reasons hereinbefore stated we think instructions on lookout and control were proper. As concerns speed, it is true that there was no evidence that Potts was exceeding the statutory maximum limit of 25 miles per hour, but there is a duty under the statute, KRS 189.390, without regard to fixed limits, not to drive at a greater speed than is reasonable and prudent, having regard for the *condition and use* of the highway. A motorist does not have an absolute right to travel at the maximum fixed limit. Fullenwider v. Brawner, 224 Ky. 274, 6 S.W.2d 264; Summers v. Spivey's Adm'r, 241 Ky. 213, 43 S.W.2d 666. Potts knew that a number of small children lived on this street and he saw two of them playing in a yard on the left as he approached the point of the accident. Under those conditions we think a general instruction on speed was not improper. Furthermore, the duties of lookout, reasonable speed and reasonable control are so basic that their inclusion in the instructions covering a pedestrian case is almost standard. Baker v. Sizemore, Ky., 338 S.W.2d 386.

■ The appellants contend that there was a prejudicial contact between the injured boy's mother (she was one of the plaintiffs) and a juror. During a recess, as one of the jurors was leaving the courtroom, Mrs. Krey beckoned to him to come over to the plaintiffs' counsel table, where Mrs. Krey and her husband were seated. She requested the juror to ask her daughter, who was out in a hall with the injured boy, to bring the boy into the courtroom. The juror did so. In our opinion this casual contact did not constitute prejudicial misconduct. See Bee's Old Reliable Shows, Inc. v. Maupin's Adm'x, 311 Ky. 837, 226 S.W.2d 23; Whitcomb v. Whitcomb, Ky., 267 S.W.2d 400.

■ The final contention of the appellants is that plaintiffs' counsel committed prejudicial error in asking Potts whether or not he had been warned about speeding by the local police. Objection was made but in the meantime Potts answered, "No." The court then admonished the jury not to consider the question and answer. In our opinion the asking of this question, though improper, was not so prejudicial that it could not be cured by the admonition. See Louisville & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S.W.2d 174; Leming's Adm'r v. Leachman, 268 Ky. 781, 105 S.W.2d 1043.

The judgment is affirmed.