**Mary Virginia Martin ROBERTS, Individually and as Executrix of the Estate of William Penn Roberts, Deceased, Appellant,**

v.

**C. S. LOWERY et al., Appellees.**

Court of Appeals of Kentucky.

May 15, 1964.

Hughes & Gregory, Murray, for appellant.

James M. Lassiter, Murray, for appellees.

JOHN B. RODES, Special Commissioner.

This is a suit for the death of an aged man, William Penn Roberts, against Lillian Lowery and her husband, caused by Roberts' coming in contact with an automobile being driven by Mrs. Lowery in Murray on the evening of December 26, 1961, at about 5:30 p. m.

Appellant alleged that while Roberts was "proceeding along the curb of West Olive Street or crossing Olive Street" he was negligently struck by Mrs. Lowery's car and seriously injured, from which injuries he died on June 6, 1962. The case is novel in that Roberts never regained consciousness before his death and Mrs. Lowery was the only eye witness to the accident.

The decision depends on her testimony, together with any physical facts involved in the collision. The record shows that in the dusk or semidarkness of that early winter evening Mrs. Lowery was driving home, with her lights on, on her own right-hand side of the road in a path about thirty inches from the curb at a reasonable rate of speed of twenty-five miles per hour, with her car under control and keeping a lookout ahead. It is claimed that Roberts was in the street or so near thereto that by the use of ordinary care she could have observed his presence in time to have prevented the collision. The accident did not occur at a street intersection or at a crosswalk but on Olive Street between 8th and 9th Streets.

Mrs. Lowery saw on her right a shadowy figure rise up as if from a crouched position, not in the street but from a point above the curb and in the area of the grass plot slanting from the sidewalk to the curb, followed almost immediately by a bump on the right side of her car near her right door. The front of her car did not strike Roberts, who came in contact with the Lowery car on the driver's right. Mrs. Lowery responded promptly to the movement she sensed on her right by applying her brakes and bringing her car to a stop in twenty-four feet.

Negligence will not be presumed from the naked fact of injury but must be proven by evidence, either direct or circumstantial. Hatfield v. Sargent's Adm'x, 306 Ky. 782, 209 S.W.2d 306; Hoskins v. Hoskins, Ky., 316 S.W.2d 368.

If the deceased rose up from a point above the curb and stepped the short distance into the street and against the side of the Lowery car, it is evident, nothing else appearing, there can be no liability in this case.

But it is claimed that the physical facts of this injury contradict Mrs. Lowery, in that the injuries of Roberts were on his right side, with his broken right hip and his broken right arm, and that from this physical fact it must be presumed that Roberts was in or alongside the gutter of Olive Street, facing in whole or in part the Lowery car, thus giving Mrs. Lowery the opportunity to see Roberts in the street before striking him.

Such a presumption is neither necessary nor logical. The injured man was eighty-four years old, over six feet tall, heavy-set, and weighing over two hundred pounds. It may just as reasonably be conjectured that he stepped into the street and that when bumped or brushed by the passing car was toppled and turned so that he struck the ground on his right side, thus inflicting the injuries from which he died. Nor can liability be imposed when based on conjecture or surmise. Hollon v. Greyhound Corporation, Ky., 272 S.W.2d 329; Milburn's Adm'r v. Rager, Ky., 352 S.W.2d 198.

It is our conclusion that no actionable negligence is shown and that the lower court properly sustained appellees' motion for a directed verdict. Potts v. Krey, Ky., 362 S.W.2d 726, is distinguishable on the basis of better visibility.

It is our opinion that the judgment should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.