**ILLINOIS CENTRAL RAILROAD COM-PANY, Mutual Fire, Marine and Inland Insurance Company, and Jack Norman Creswell, etc., Plaintiffs-Appellants,**

v.

**James F. RILEY, Defendant-Appellee.
No. 17542.**

United States Court of Appeals
Sixth Circuit.
April 6, 1968.

James G. Wheeler, Paducah, Ky., James G. Apple, Wheeler, Marshall & Manchester, Paducah, Ky., on brief, for appellants.

Richard C. Roberts, Paducah, Ky., Andrew J. Russell, George R. Effinger, Paducah, Ky., Waller, Threlkeld & Whitlow, Paducah, Ky., on brief, for appellee.

Before COMBS, Circuit Judge, and McALLISTER and CECIL, Senior Circuit Judges.

COMBS, Circuit Judge.

The defendant Riley's truck, loaded with crushed stone, went out of control as it descended a steep grade on the highway and collided with a bridge owned by the plaintiff railroad company. The truck plunged through the side of the bridge and fell forty feet to the railroad tracks below, landing on two railroad hopper cars. The truck caught fire and then the bridge caught fire. Later, the bridge collapsed and fell on the truck. The truck driver was killed.

In a suit for damages to its property the railroad company and its insurance carriers relied on the doctrine of res ipsa loquitur; Riley defended on the theory of sudden failure of the truck's brakes. A jury found for the defendant. On this appeal the plaintiffs contend that the instructions to the jury were erroneous and that other errors occurred during the trial which require reversal. We are of the opinion the judgment should be affirmed.

The District Court gave the usual res ipsa loquitur instruction, as requested by plaintiffs, and then instructed that, if the proximate cause of the accident was the sudden failure of the truck's brakes, the jury should find for defendant. Plaintiffs' criticism of the instructions is that no duty was placed on the defendant in regard to maintenance and inspection of the brakes. Defendant counters with the argument that there was no evidence of lack of inspection and that, in any event, lack of inspection is unimportant in light of the evidence that the cause of the brake failure could not have been detected by inspection.

Defendant introduced testimony that the failure of the brakes was caused by a "vibration" break in the hydraulic brake line; that when this occurred the fluid in the line was lost and the brakes became useless. A section of the brake line, broken in one place, was introduced as an exhibit and examined by the jury. The crucial question was whether the break in the line occurred prior to the accident, and thus caused the brakes to fail, or whether it was caused by the force of the accident. The brake line lay inside a U-shaped channel steel beam. According to defendant's witnesses who examined the vehicle after the accident, the line was still attached to the truck's frame on both sides of the break. These witnesses testified that a break in the line caused by natural vibration from operation of the truck would have a different appearance from a break caused by an external blow or by stretching. Plaintiffs' witnesses testified that in their opinion the break in the line was caused by the impact of the collision. The issue was thus developed and was properly submitted to the jury. We do not agree with plaintiffs that they were entitled to a directed verdict.

On the issue of inspection it was shown that the defendant had assisted the driver of the truck and another employee in overhauling the brakes on the truck two and one-half months before the accident. The defendant himself had adjusted the brakes three days before the accident. The driver of the truck was allowed thirty minutes each morning for inspection of his vehicle prior to hauling his first load, but no one knew whether he had actually made the inspection on the morning of the accident. The accident occurred about 10:30 A. M., and the driver had already made six round-trips from the quarry to the construction job where

the stone was being used. He ordinarily made fifteen to twenty trips during a working day and was required to use his brakes frequently on each trip. Plaintiffs introduced proof that the entire braking system on a truck of this type should be inspected at least once a month. Defendant introduced proof, which was not contradicted, that there was no way to tell by inspection when a vibration break in a hydraulic brake line would occur.

■ Plaintiffs cite several Kentucky cases which hold that ordinarily, when sudden failure of the brakes is relied upon as a defense, the burden of showing proper maintenance and inspection is placed upon the defendant. We do not consider those cases to be applicable here. An instruction is not required on an issue that is not developed in the proof and pleadings. International Harvester Company v. Huber, Ky., 359 S.W. 2d 616 (1962). Since it was shown by the defendant, without dispute, that a vibration break in a line similar to this one cannot be prevented or anticipated by inspection we conclude that an instruction on duty to inspect was not necessary.

■ Plaintiffs also contend that an instruction should have been given in regard to the hand brake on the truck. A Kentucky statute requires that hand brakes on a motor vehicle shall be adequate to stop it within a distance of fifty-five feet when travelling twenty miles per hour upon a dry pavement where the grade does not exceed one per cent. Riley testified that the hand brake on this truck was not designed to stop it; that it was designed only to hold the vehicle when it was parked. The only estimate of the speed of the truck immediately prior to the accident was thirty to fifty miles per hour. The grade of the highway averaged about five per cent. It is obvious that this heavily loaded truck, travelling downhill at thirty to fifty miles per hour, could not have been stopped or appreciably slowed by application of the statutorily required hand brake. It was not necessary, therefore, to give an instruction on this issue.

Plaintiffs assign as error the action of the court in permitting the introduction of a section of the brake line as an exhibit. They cite no authority for their position and we know of none which could be cited. The groundwork having been laid for introduction of this exhibit, it was clearly admissible.

■ The accident was investigated by a Kentucky State Trooper who arrived at the scene a few minutes after the collision. Plaintiffs' counsel asked him to state his opinion whether it would have been possible "for a tube of brake fluid to remain intact and unbroken on the truck after what it had gone through as you discovered it." The court sustained an objection to this question and it was avowed that the answer would have been, "No." Plaintiffs argue that it was error to exclude the answer. No attempt was made to show that the trooper had any special knowledge in this field and he testified that he examined the truck only "as close as possible" and did not examine the metal brake line. We think the trooper's answer was properly excluded. Ordner v. Reimold, 278 F.2d 532 (10th Cir. 1960); Cline v. Wenger, Ky., 263 S.W.2d 91 (1953).

■ After the transcript of evidence was prepared it was discovered that the court reporter had failed to record the court's instructions to the jury as given in open court. Plaintiffs thereupon filed motion for new trial under Rule 60(b), Federal Rules of Civil Procedure, which provides that the court may, upon such terms as are just, relieve a party of the consequences of mistakes or inadvertence. When the problem of the missing instructions was brought to the court's attention, he proceeded to reconstruct the instructions as authorized by Rule 75(d), F.R.C.P. Plaintiffs' counsel participated in these proceedings and the instructions as reconstructed were incorporated into an agreed order which was signed by counsel for the parties. The parties agreed that this order could be included in the record for the purpose of appeal.

Plaintiffs do not contend that the instructions were not properly reconstructed and do not point out how they have been prejudiced by the omission of the original instructions from the court reporter's transcript. They could have proceeded under Rule 75(c), F.R.C.P., to prepare a statement of their own from the best available means which could have been served on defendant. They did not take this course but elected instead to rely on the agreed order by which the court did this for them. They have no cause for complaint on this score.

In conclusion, we are of the opinion that the question whether this accident was caused by negligence was one for the jury. We are also of the opinion that no errors were committed during the trial which adversely affected the substantial rights of the plaintiffs.

The judgment is affirmed.